IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00461-CMA-MJW

QFA ROYALTIES LLC, and
QUIZNO'S MASTER LLC, THE

      Plaintiffs,

v.

Q OF O, LLC,
KIMBRE L. ANDERSON,
DONNA J. JOHNSON,
PHILLIP S. JOHNSON,
DALE A. THOMAS, JR.,
DALE A THOMAS, SR., and
P & D SUBS, INC.

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR FEES AND COSTS**

This matter is before the Court on Plaintiffs' Motion for Fees and Costs. (Doc. # 64.) For reasons described below, the Motion is granted in part and denied in part. Specifically, the Court awards attorney fees in the amount of **$20,790.00** and costs in the amount of **$1,154.68**.

      **I.   BACKGROUND**

Plaintiffs QFA Royalties LLC and The Quizno's Master LLC ("Plaintiffs") originally filed this lawsuit against seven defendants for their alleged violation of noncompetition covenants with Plaintiffs and their use of Plaintiffs' trademarks and trade dress. On July

29, 2015, this Court entered default judgment against two of seven defendants to the original action, Q of O and P&D Subs ("Defendants"). Plaintiffs filed their Motion for Fees and Costs on August 12, 2015. (Doc. # 64.) Defendants filed no response.

## II.    DISCUSSION

Colorado follows the traditional "American rule" that, absent statutory authority, an express contractual provision, or a court rule, the parties in a lawsuit are required to bear the costs of their own legal expenses. *Moore v. Edwards,* 111 P.3d 572, 573 (Colo. App. 2005). Plaintiffs seek costs and attorney fees pursuant to Fed. R. Civ. P. 54, D.C.COLO.LCivR 54.3, and their franchise agreements with Defendants. (Doc. # 64 at 1, 3.) Those agreements, made enforceable through the default judgment entered by this Court on July 29, 2015, provide that "the non-prevailing party in any legal action will pay to the prevailing party 'all damages, costs, and expenses, including reasonable attorneys' fees, incurred by the prevailing party.'" (Doc. # 64 at 3.) This Court concludes that the franchise agreements permit Plaintiffs to recover reasonable attorney fees and costs requested in the instant Motion.

**A.    ATTORNEY FEES**

In accordance with Fed. R. Civ. P. 54 and D.C.COLO.LCivR 54.3, Plaintiffs request attorney fees in the amount of $23,298.00. (Doc. # 64 at 4.) Specifically, Plaintiffs request an award for hours expended by senior attorney Fredric Cohen, who has more than 25 years of experience, attorney Allison Grow, who has five years of experience, and two paralegals, Adrienne Saltz and Emily Flores. (Doc. # 64-1 at 1-2.)

All hours were expended in 2015.  (Doc. # 64-2.)  The expended hours, hourly rates, and total requested reimbursements are as follows:

- Senior attorney Fredric Cohen—12.1 hours at $450 per hour, for a total of $5,445.
- Attorney Allison Grow—50.1 hours at $275 per hour, for a total of $13,777.50.
- Paralegal Adrienne Saltz—1 hour at $195 per hour, for a total of $195.
- Paralegal Emily Flores—19.9 hours at $195 per hour, for a total of $3880.50.

(Doc. # 64-2.)  In total, Plaintiffs request $23,298 for 83.1 expended hours.

Because Defendants have failed to respond to the instant Motion, this Court lacks the benefit of scrutiny and analysis by the opposing party.  Nonetheless, the Court has a duty to ensure that the request for attorney fees is reasonable.  *See Ramos v. Lamm*, 713 F.2d 546, 553–54 (10th Cir. 1983), *rev'd in part on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U .S. 711, 725 (1987) (noting that a district court "must carefully scrutinize the total number of hours reported to arrive at the number of hours that can reasonably be charged to the losing party, much as a senior partner in a private firm would review the reports of subordinate attorneys when billing clients whose fee arrangement requires a detailed report of hours expended and work done.")

The first step in determining reasonable attorney fees requires a calculation of the "lodestar amount"—*i.e.*, the reasonable hourly rate multiplied by the number of hours reasonably expended.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017–18 (10th Cir. 1996).  The party requesting fees has the

burden of persuading the Court that both the hourly rate and the hours expended are reasonable. *Malloy*, 73 F.3d at 1018.

To determine what constitutes a reasonable rate, the district court considers the "prevailing market rate in the relevant community." *Id*. Plaintiffs should provide evidence of the prevailing market rate for similar services by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). If the district court does not have adequate evidence of prevailing market rates, it may, in its discretion, use other relevant factors, including its own knowledge of prevailing market rates, to establish a reasonable hourly rate. *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006).

In determining the reasonableness of hours expended, the Court considers (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to each specific task. *See Ramos*, 713 F.2d at 553–54. Counsel for the party claiming fees has the burden of substantiating the hours it spent through "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). The Court must ensure that the attorney has exercised the same "billing judgment" as would be appropriate in billing his or her own client. *Id*.; *see*

*also Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (internal quotation marks omitted). However, this Court is not bound to assess the propriety of every time entry. *Fox v. Vice*, 131 S. Ct. 2205, 2217 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.") Counsel should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434

Once the Court determines the lodestar, it may adjust it "upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436–40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684–85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).

*a) Reasonableness of Hourly Rate*

Plaintiffs supply no evidence concerning the reasonableness of the hourly rates listed in their Motion. Instead, Plaintiffs submit an affidavit that merely recites the number of years' experience for each attorney and the rate each person typically bills. (Doc. # 64-1.) A party seeking attorney fees bears the burden of producing "satisfactory evidence—**in addition to the attorney's own affidavits**—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (emphasis added). Where, as in the instant case, "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.,* 295 F.3d 1065, 1079 (10th Cir. 2002). Although the affidavit alone is insufficient evidence to demonstrate the reasonableness of the hourly rates, the Court is familiar with rates charged by attorneys in the Denver metropolitan area. The Court concludes the rates charged by Plaintiffs' counsel are reasonable, but the rates charged for the work of paralegals Ms. Saltz and Ms. Flores are excessive.

Ms. Grow indicates that she has five years' experience as an attorney and that Mr. Cohen has more than 25 years' experience in litigation involving franchise companies. (Doc. # 64-1.) In the past, this Court has found $425 to be a reasonable hourly rate for an experienced senior attorney and $285 to be a reasonable hourly rate for an associate attorney. *See Shrader v. Beann*, 2012 WL 527480, at *3 (D. Colo. Feb. 12, 2012); *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, 2011 WL 3568165, at

*7–9 (D. Colo. Aug. 15, 2011) (finding $425 was an appropriate rate for a senior attorney and $285 appropriate for an associate attorney with less than 5 years' experience). In light of this Court's prior decisions and the prevailing rates for legal work in the Denver area, hourly rates of $450 and $275 for attorneys with, respectively, 25 and 5 years of experience are reasonable. However, this Court has not adjudicated as reasonable hourly rates for paralegal work in excess of $75, even where the work equaled that traditionally done by an attorney. *Parker v. Milyard*, No. 12-CV-00448-WYD-MJW, 2013 WL 5200965, at *5 (D. Colo. Sept. 16, 2013) (reducing hourly rates of two paralegals from $120 and $90 to $75). Accordingly, the court reduces the rates of both Ms. Saltz and Ms. Flores to $75.

    b) *Reasonableness of Hours Expended*

The Court reviewed the Transactions Listing Report (Doc. # 64-2) submitted by Plaintiffs and finds the number of hours expended reasonable. The billing entries are sufficiently detailed, showing how much time was allotted to the various tasks. The itemized tasks are limited to those needed to secure judgment against the Defendants and exclude tasks unrelated to that effort. Plaintiffs expended a reasonable quantity of hours given the minimal volume of filing in this case. In addition, the time expended was reasonable in relation to counsels' experience. Any redacted entries included sufficient information to allow the Court to determine the fees were reasonably incurred. Finally, upon review of the billing entries, the Court finds that defendant is entitled to recover fees for the itemized work of each of the paralegals because that work was equal to that traditionally done by an attorney, including such tasks as document review

and updating electronic files.  *See Silver v. Primero Reorganized Sch. Dist. No. 2,* No. 06–cv–02088, 2008 WL 280847, at *3 (D. Colo. Jan. 30, 2008).

**B.     COSTS**

Federal Rule of Civil Procedure 54 authorizes a Clerk to tax costs owed to the prevailing party in a civil action.  Fed. R. Civ. P. 54(d)(1).  Section 1920 in Chapter 28 of the United States Code enumerates which litigation expenses are taxable.  28 U.S.C. § 1920 (2012).  On August 12, 2015, Plaintiffs submitted their Proposed Bill of Costs.  (Doc. # 63.)  On August 27, 2015, the Clerk of the Court taxed costs totaling $655.75 against Defendants, including fees of the clerk, fees for service of summons and the complaint, and fees and disbursements for printing.  (Doc. # 65.)

Plaintiffs now request reimbursement for additional nontaxable litigation costs totaling $1,154.68, pursuant to their franchise agreements with Defendants.  (Doc. # 64-2 at 19-20; Doc. # 64 at 3.)  The costs include Lexis/Nexis research fees of $374.96 and a private investigator fee of $779.72.  (Doc. # 64-2 at 19.)  Whether Plaintiffs are entitled to these nontaxable costs is a matter of contract interpretation.  The "Attorneys' Fees" provision in the franchise agreements reads:

> In the event of any default on the part of either party to this Agreement, in addition to all other remedies, the party in default will pay the prevailing party . . . all amounts due and all damages, costs, and expenses, including reasonable attorneys' fees, incurred by the prevailing party in any legal action or other proceeding as a result of such default . . . .

(Doc. # 64-3 at 4,7).  The essential question before this Court is whether the language "all damages, costs, and expenses" contemplates costs that are not taxable under 28 U.S.C. § 1920.  Several courts have concluded fee-shifting agreements with similar

8

language include nontaxable costs.  *See, e.g., Connell Bros. Ltd., v. Gannon International, Ltd.*, 4:10CV1795 JAR, 2013 WL 508658 (E.D. Miss. Feb. 12, 2013) (finding language "costs of collection" entitled Plaintiff to nontaxable expenses even though the Guaranty at issue did not distinguish between taxable and nontaxable costs); *Ward v. Siebel*, No. 06-cv-00036-WYD-MJW, 2012 WL 2196054, at *6 (D. Colo. 2012) (language "costs and reasonable attorney fees" permitted, among other things, Westlaw legal research fees of $2,898.14);  *Matthews v. Wisconsin Energy Corp.*, No. 05-CV-537, 2010 WL 3910298 (E.D. Wis. Oct. 4, 2010), *aff'd,* 642 F.3d 565 (7th Cir. 2011) (although the central issue in *Matthews* was the appropriate amount of attorney fees, neither the lower court nor the Seventh Circuit questioned whether the contract language "costs, damages or expenses, including reasonable attorney's fees," encompassed nontaxable expenses).  Even in the absence of these holdings, a plain reading of Plaintiffs' franchise agreements with Defendants suggests the parties intended to include nontaxable costs.  First, the phrase "*all* damages, costs, and expenses" necessarily includes nontaxable costs.  Relatedly, it is redundant to contract for taxable costs when Rule 54 already awards those fees.

Accordingly, Plaintiffs' request for nontaxable litigation costs totaling $1,154.68 is granted.

### III. <u>CONCLUSION</u>

Based on the foregoing, it is ORDERED that Plaintiff's Motion for Fees and Costs (Doc. # 64) be GRANTED IN PART and DENIED IN PART.  Consistent with the

9

foregoing analysis, it is ORDERED that Plaintiffs' counsel is entitled to attorney fees in the amount of $20,790.00 and costs in the amount of $1,154.68.

| Timekeeper | Proposed Hourly Rate | Adjusted Hourly Rate | Total Hours | Adjusted Hours | Proposed Lodestar | Adjusted Lodestar |
|---|---|---|---|---|---|---|
| Fredric Cohen | $450 | **$450** | 12.1 | 12.1 | $5,445 | $5,445 |
| Allison Grow | $275 | **$275** | 50.1 | 50.1 | $13,777.50 | $13,777.50 |
| Adrienne Saltz | $195 | **$75** | 1 | 1 | $195 | $75 |
| Emily Flores | $195 | **$75** | 19.9 | 19.9 | $3,880.50 | $1,492.50 |
|  |  |  |  |  | **TOTAL ADJUSTED LODESTAR** | **$20,790.00** |

DATED: March 10, 2016

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge